Adam Y. Siegel (SBN 238568)
Gabriel A. Mendoza (SBN 324300)
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
Adam.Siegel@jacksonlewis.com
Gabriel.Mendoza@jackosnlewis.com

Attorneys for Defendant
EQUINOX HOLDINGS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA MARQUEZ, an individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>EQUINOX HOLDINGS, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>            Defendants. | **CASE NO.** 2:22-cv-1043<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1132 AND 1441(b) (DIVERSITY JURISDICTION)**<br><br>*[Filed concurrently with Civil Cover Sheet; Declaration of Connor Harrington, Certification and Notice of Interested Parties; and Corporate Disclosures]*<br><br>Complaint Filed: November 30, 2021 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

1.     PLEASE TAKE NOTICE that Defendant EQUINOX HOLDINGS, INC. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(b), and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles.

1

NOTICE OF REMOVAL OF ACTION

2.      On November 30, 2020, Plaintiff Juanita Marquez ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles entitled *JUANITA MARQUEZ vs. EQUINOX HOLDINGS, INC. and DOES 1 to 100*, Case No. 21STCV43742, setting forth the following four (4) causes of action:  (1) Gender/Sex Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Retaliation in Violation of the FEHA; (3) Failure to Prevent Discrimination and Retaliation in Violation of the FEHA; and (4) Race/National in Violation of the FEHA ("Complaint").

**3.**      Defendant first received Plaintiff's Summons and Complaint, Notice of Acknowledgement of Receipt, and related court documents via service on December 26, 2021.  A copy of the Summons and Complaint received by Defendant is attached as **Exhibit "A."**

4.      On January 18, 2022, Defendant returned to Plaintiff an executed Notice of Acknowledgment of Receipt.  A true and correct copy of Defendant's executed Notice of Acknowledgment of Receipt is attached as **Exhibit "B."**

5.      On February 14, 2022, Defendant filed and served its Answer in the Los Angeles County Superior Court.  A true and correct copy of Defendant's Answer is attached as **Exhibit "C."**

6.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court.  Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

**THE REMOVAL IS TIMELY AND VENUE IS PROPER**

7.      This Notice of Removal has been filed within thirty (30) days after Defendant first received a copy of Plaintiff's Summons and Complaint upon which this action is based. Plaintiff served the Complaint on Defendant on December 26, 2021, Defendant returned to Plaintiff an executed Notice of Acknowledgment of Receipt on January 18, 2022, thereby effectuating service on this date, and this Removal is being filed

on February 14, 2022.  Thus, this Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

8. In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting documents promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court.  Therefore, all procedural requirements under 28 U.S.C. section 1446 will be satisfied.

9. Venue lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§1391(a) and 1441(b), because the state court action was filed in this District and this is the judicial district in which the action arose

**DIVERSITY JURISDICTION**

10. Defendant properly may remove the Complaint on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a) or 28 U.S.C § 1332(d)(2), because complete diversity of citizenship exists.

11. Defendant hereby removes the Complaint on the following grounds:

a. Plaintiff was, at the time of filing of the Complaint, and still is, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).  (*See* Exhibit A ¶ 1; Declaration of Connor Harrington ("Harrington Decl.") ¶ 2.)

b. Defendant also was, at the time of filing of the Complaint, and still is, a citizen of Delaware and New York within the meaning of 28 U.S.C. § 1332(c)(1), because it now is and was at all times incorporated under the laws of the State of Delaware. (Harrington Decl., ¶ 3.)  Further, at all relevant times, Defendant's principal place of business has been located in New York, New York, currently at 31 Hudson Yard, New York, NY 10001, where its high-level officers direct, control, and coordinate operations and activities. *Id.*; *See Hertz Corp. v. Friend* (2010) 559 U.S. 77, 130 S. Ct. 1181, 1186 (adopting the "nerve center test" for purposes of ascertaining a corporation's principal place of business' for purposes of diversity jurisdiction; "the phrase 'principal place of

business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.")

c.    The presence of Doe defendants has no bearing on the diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

## AMOUNT IN CONTROVERSY

12.    In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth in Plaintiff's Complaint may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, n.1 (9th Cir. 2002), *citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

13.    Without conceding whether Plaintiff will prevail on her claims (which Defendant expressly denies), the amount in controversy in this action exceeds $75,000.00. 28 U.S.C. § 1332(a). Where, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claims exceed the jurisdictional minimum. *Guglielmino v. McKee Foods, Corp*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).

14.    Plaintiff's causes of action for discrimination, retaliation, failure to prevent discrimination and retaliation, and racial/national origin discrimination can each independently satisfy the jurisdictional amount in controversy requirement. Under the

California Fair Employment and Housing Act, which governs these claims, Plaintiff may recover lost earnings, non-economic damages such as emotional distress, punitive damages, and reasonable attorneys' fees and costs as a prevailing party. Govt. Code § 12965.

15. Plaintiff alleges that she was terminated from employment with Defendant on December 9, 2019. (*See* Exhibit A ¶¶ 9, 12.) Plaintiff's compensation was variable as she was paid partially on a commission basis; however, her compensation since January 1, 2019 up to her termination was in excess of $66,000. (Harrington Decl., ¶ 4.) Thus, from the date of Plaintiff's termination on December 9, 2019 to the date she filed this lawsuit on November 30, 2021, Plaintiff likely will claim approximately twenty-four months' lost earnings, or approximately $132,000. Furthermore, any judgment in this case likely will not be rendered until at least 2023. If successful, Plaintiff may seek at least three years of lost earnings, or approximately $198,000, in backpay alone. Thus, if Plaintiff prevails on her claims for relief under the Fair Employment and Housing Act (which Equinox maintains she will not), without even taking claims for future economic damages, or front pay, into account, she would seek to recover almost three times the jurisdictional minimum amount in controversy. Plaintiff is also likely to claim three years of future earnings (front pay), for an additional approximately $132,000 in alleged economic damages.

16. Plaintiff also seeks to recover for alleged emotional distress. (*See* Complaint ¶¶ 18, 24, 31, 39). While Plaintiff has not quantified the value of these damages, they are likely to be substantial. *Hurd v. Am. Income Life Ins*. 2013 U.S. Dist. LEXIS 147849, at *17 (C.D. Cal. Oct. 10, 2013) ("emotional distress damages in discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). Indeed, plaintiffs alleging emotional distress as a result of wrongful termination regularly seek in excess of $75,000 in such damages. *Keiffer v. Bechtel Corp.*, 65 Cal.App.4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000.00 for emotional distress damages); *Silo v. CHW Medical Foundation*, 86 Cal.App.4th 947, 955 (2001) (jury award in excess of $75,000 in non-economic damages was upheld in wrongful

NOTICE OF REMOVAL OF ACTION

termination lawsuit); *see also Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement.").

17. Thus, without even taking attorneys' fees and costs or punitive damages— both of which Plaintiff seeks in her Complaint (*see* Exhibit A, Prayer for Relief, p. 8:21, 8:28)—into account, Plaintiff's possible recovery under the facts as alleged in her Complaint more than satisfies the jurisdictional prerequisite for the amount in controversy. It cannot be said with legal certainty that Plaintiff would *not* be entitled to recover the jurisdictional amount (though Defendant maintains that she is not). *Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship,* 20 F.3d 383, 386-87 (10th Cir. 1994). Therefore, the alleged claims in Plaintiff's Complaint demonstrate that the amount in controversy exceeds the requirements under 28 U.S.C. §1332(a).

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court of the State of California, County of Los Angeles, be removed to this Court.

Dated: February 15, 2022

JACKSON LEWIS P.C.


By: */s/ Adam Y. Siegel*
    Adam Y. Siegel
    Gabriel A. Mendoza

    Attorneys for Defendant
    EQUINOX HOLDINGS, INC.

NOTICE OF REMOVAL OF ACTION